```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
CONGELADOS DEL CIBAO,                                                  :
                                                                       :
                            Plaintiff,                                 :
                                                                       :     19-cv-7596 (LJL)
            -v-                                                        :
                                                                       :          ORDER
3 KIDS CORP. ET AL.,                                                   :
                                                                       :
                            Defendants.                                :
                                                                       :
-----------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/20/2021

LEWIS J. LIMAN, United States District Judge:

Plaintiff Congelados del Cibao ("Plaintiff") requests a discovery conference regarding the alleged failure of Defendant Dominick Chiappone ("Chiappone") to produce his individual income tax returns and other previously requested financial information. Dkt. No. 43.

The complaint asserts claims of breach of contract, unjust enrichment, and fraud in the inducement in connection with the sale of frozen lobster tails Plaintiff shipped from the Dominican Republic to Defendant 3 Kids Corp. ("3 Kids") in Brooklyn, New York on three occasions from on or about October 20, 2016 to June 29, 2017. Dkt. No. ¶¶ 5, 8, 13, 24. After issues arose with respect to the nonpayment of invoices, Plaintiff first reached an arrangement whereby it would be paid over several partial payments. *Id.* ¶ 15. When Plaintiff was not paid the outstanding balance for the first shipment at issue, Plaintiff agreed to continue to deliver frozen lobster tails but only on the representation that it would be paid in full. *Id.* ¶¶ 20, 25. Plaintiff is owed $1,208,756.02 for the three shipments. *Id.* ¶ 36. 3 Kids is a New York corporation engaged in the business of processing and distributing seafood, with its principal office in Middletown, New York. *Id.* ¶ 4. Chiappone is the CEO of 3 Kids, and, on information

and belief, "exercised control over all aspects of the day-to-day functions of the corporation, including, but not limited to, operational control over the corporation and directly managing and directing business operations." *Id.* ¶¶ 4, 5. In support of the claim for fraudulent inducement, Plaintiff alleges that "Chiappone knowingly made numerous misrepresentations of material fact to Plaintiff or omitted to state facts regarding Plaintiff's compensation for [the invoices at issue]," and "Chiappone affirmatively misrepresented and/or did not disclose sufficient facts to render non-misleading his statements regarding Defendant 3 Kids' Corporation's [sic] financial position and ability to compensate Plaintiff" for the invoices at issue. *Id.* ¶¶ 62, 63.[1]

      Plaintiff asserts that Chiappone is withholding documents and information Plaintiff is entitled to under Federal Rules of Civil Procedure 26(b)(1) and 34. In its Requests for Production directed to Chiappone, Plaintiff sought "[a]ll documents reflecting Your sources of income and amount of income for the years 2014, 2015, 2016, 2017, 2018, and 2019." Dkt. No. 43, Ex. A ¶ 22. Chiappone objected to the request and declined to produce documents, asserting that "this request asks for documents that are privileged and confidential," and that the "request also asks for documents that are wholly irrelevant to the issues before the court based upon the nature of the litigation and the pleadings." *Id.* By letter dated January 15, 2021, counsel for Chiappone claimed that there was no basis for Plaintiff to obtain Chiappone's personal tax returns at least until Plaintiff is able to obtain a judgment and stated that the tax returns were "wholly irrelevant," adding that "3 Kids Corporation has already provided its banking statements, which show that there were no suspicious transfers to anyone or anything, let alone my client, before, during, or after the relevant time period." *Id.*, Ex. B. At deposition, defense counsel refused to permit Chiappone to answer questions about his personal finances. *Id.*, Ex. C.

---

[1] Subject matter jurisdiction is grounded on diversity. *Id.* ¶ 6.

Plaintiff requests "that the Court order Chiappone to produce his income tax returns, 1099 distribution forms, bank records, and any other documents reflecting the income he earned from 2014 through 2019." Dkt. No. 45.

Plaintiff argues that he is entitled to "discovery confirming Chiappone's financial condition, including verification of the sources of his income," and that the tax returns and other personal financial information of Chiappone are relevant because he claims that "Chiappone fraudulently induced Plaintiff to continue to ship product to Defendants based on the representation that Defendants had the means to pay for the product." Dkt. No. 43 at 2. He also asserts that Chiappone has been a member and/or owner of at least eight different businesses since 2016 and that he should be permitted to test Chiappone's claim that he has earned no income from any of his businesses since 2016. *Id.* at 3. In a reply letter, Plaintiff asserts that "Chiappone's income tax returns are relevant to its claims for fraudulent inducement, punitive damages, and alter ego liability." Dkt. No. 45 at 2.

Counsel for 3 Kids and Chiappone responds that 3 Kids "has produced its corporate tax returns, corporate ledgers, bank records, corporate emails, certificates of registration, bank payroll records (including Defendant Chiappone's own payments), corporate sales reports, vendor ledger reports, full employee list, and corporate credit card statements totaling thousands of pages." Dkt. No. 44 at 1. Counsel claims that there were no written representations whereby Chiappone even intimates that he is personally guaranteeing any payment or that he would use proceeds from any other business to pay for product sent by Plaintiff and that the only oral statement Plaintiff has offered—the testimony of its owner that Chiappone said to him at one point, "I will pay you"—cannot support a claim of fraud in the inducement. *Id.* at 2. Thus, Defendants argue that Plaintiff has not satisfied even the relaxed standards of relevancy under

3

Rule 26.

Plaintiff replies that the statement "I will pay you" can support a claim of fraudulent inducement, that "at most, Defendant's arguments show that there is a material issue of fact as to whether Chiappone made personal assurances that induced Plaintiff to ship the product," and that the requested documents are relevant. Dkt. No. 45.

The Court treats Plaintiff's letter as a letter-motion for discovery. Local Civil Rule 37.2 provides that "[n]o motion under Rules 26 through 37 inclusive of the Federal Rules of Civil Procedure shall be heard unless counsel for the moving party has first requested an informal conference with the Court by letter-motion for a pre-motion discovery conference," but that Rule is qualified by a "Judge's Individual Practices." Local Civil Rule 37.2. My Individual Practices in Civil Cases Rule 4B, available on the Court website, does not require a request for a conference but permits "[a]ny party wishing to raise a discovery dispute with the Court" to file a letter-motion with the Court seeking the requested relief after attempting to meet and confer. This issue is now fully teed up through motion, opposition letter, and reply letter, and there is no reason for delay or for further briefing or argument.

Rule 26(b)(1) permits discovery into "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Plaintiff has not met its burden of showing that the requested discovery is relevant to his claims. Plaintiff asserts in its letter that it was fraudulently induced to continue to ship frozen lobster to 3 Kids by Chiappone's representation that he personally had the means to pay for the product and would ensure that Plaintiff was paid. But the minimal allegations of the Complaint, as currently pleaded, do not claim that Chiappone represented that he personally had the means to compensate Plaintiff. The complaint alleges only that Chiappone made affirmative

4

misrepresentations regarding "Defendant 3 Kids' Corporation's [sic] financial position and ability to compensate Plaintiff" for the invoices at issue. Dkt. No. 5 ¶ 63.

New York law treats a corporation and its owners independently; that a corporation might be liable on a debt or might promise to make a payment does not mean that its owners are so obligated in their personal capacity. *See Sesa, Inc. v. Terrafina*, 2020 WL 6382919, at *4 (S.D.N.Y. Oct. 30, 2020); *SungChang Interfashion Co. v. Stone Mountain Accessories, Inc.*, 2013 WL 5366373, at *11 (S.D.N.Y. Sept. 25, 2013) (holding that to warrant piecing the corporate veil and finding a corporation's owner liable in his or her personal capacity, a plaintiff "must do more than conclusorily state that the shareholder or officer exercises domination and control over the corporation. Rather, a plaintiff must allege specific facts showing that the shareholder or officer is doing business in his or her individual capacity without regard to corporate formality").

The allegation that Chiappone represented that 3 Kids had the ability to pay makes discovery into 3 Kids' finances relevant. It does not make discovery into Chiappone's personal finances relevant. The complaint does not allege that Chiappone made any representations about his personal finances or as to which his personal finances would be relevant. Moreover, the face of the complaint does not reflect any claim that Chiappone is liable on an alter ego basis.

The motion for discovery is DENIED.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 43.

SO ORDERED.

Dated: July 20, 2021
      New York, New York
                                                    LEWIS J. LIMAN
                                                    United States District Judge