```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
CONGELADOS DEL CIBAO,                                                  :
                                                                       :
                       Plaintiff,                                      :
                                                                       :            19-cv-7596 (LJL)
         -v-                                                           :
                                                                       :            MEMORANDUM &
3 KIDS CORPORATION ET AL.,                                             :              ORDER
                                                                       :
                       Defendants.                                     :
                                                                       :
-----------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/24/2021

LEWIS J. LIMAN, United States District Judge:

Defendants 3 Kids Corporation ("3 Kids") and Dominick Chiappone ("Chiappone" and, collectively with 3Kids, "Defendants") move for an order pursuant to Federal Rule of Civil Procedure 37(a)(1) compelling Plaintiff Congelados del Cibao ("Plaintiff" or "Congelados") to produce (1) documents showing payments made by Congelados to any fisherman, person, or entity for the product that was purchased, processed, and eventually sent to Defendant and (2) any documentation evidencing the manner, method, or reasoning behind the valuation and taxes paid on the product in the Dominican Republic prior to it being sent to Defendant. Dkt. No. 47 at 8, 12. Defendants also seek leave, pursuant to Federal Rule of Civil Procedure 15(a)(2), to amend the answer to include a more definitive defense as to the fraud defenses and legality defense prior to the end of discovery which is scheduled for September 14, 2021. Dkt. No. 47 at 3; *see also* Dkt. No. 40 (order amending civil case management plan and scheduling order).

Defendants claim that the documents are relevant to their affirmative defenses of unclean hands, misrepresentation, illegality/lack of legal duty, and failure to state a claim upon which relief can be granted. Dkt. No. 47 at 2. According to Defendants, taxes and fees must be paid to

certain administrative and regulatory agencies in the Dominican Republic on lobster tails caught, processed, and sold in the Dominican Republic. Codopesca, the Dominican Republic agency that is the equivalent of the United States Fisheries and Wildlife Service and that is tasked with enforcing the relevant laws of the Dominican Republic, has written to Defendants that it has searched its registry of certificates of no objection and found no exportations for lobster in 2016 or 2017, the dates on which the product in question was sent. *Id.* If Plaintiff did not report the sales or pay taxes or fees on them, Defendants contend that would establish a fraud as to the merchantability and legality of the shipments giving rise to an affirmative defense. *Id.* at 2. Defendants state that without the documentation, or evidence such filings and payments were not made, they are "not in a position, definitively, to be able to state that the contract was void ab initio." *Id.* at 3.

Plaintiff responds that this case is simple: "(1) In 2016 and 2017, Plaintiff sold approximately 111,000 pounds of lobster tails to Defendants; (2) Defendants accepted delivery of the lobster tails and thereafter resold some or all of them; (3) Defendants made some payments towards the cost of the lobster tails; and (4) Defendants failed to pay the full balance due and still owe over $1.1 million to Plaintiff." Dkt. No. 48 at 1. Plaintiff also points to evidence that it has produced that Codopesca issued certificates of no objection and approved the exports related to the particular sales and granted authorization to Plaintiff to export seafood from at least March 15, 2015. *Id.* at 2, 27-35, 39. It argues that Defendants have not cast into question the authenticity of such evidence nor presented evidence that Codopesca's document retention policy is such that it would have the records from 2016-2017, the absence of which gives rise to the suspicion of wrongdoing. Finally, it notes that the affirmative defenses of misrepresentation and fraud do not identify a misrepresentation or fraud and are not pleaded with

particularity.  *Id.* at 2.

The Court treats Defendants' letter as a letter-motion for discovery.  *See* Dkt. No. 46 at 4.

Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  Although the scope of discovery is broad, it is not a fishing expedition.  *Edmonson v. RCI Hospitality Holdings, Inc.*, 2018 WL 4112816, at *1 (S.D.N.Y. Aug. 29, 2018) ("While the scope of relevance is broad, '[d]isclosure should not be directed simply to permit a fishing expedition.'" (quoting *Liberty Mut. Ins. Co. v. Kohler Co.*, 2010 WL 1930270, at *  2 (E.D.N.Y. May 11, 2010) (quoting *United States v. Berrios*, 501 F.2d 1207, 1211 (2d Cir. 1974)))); *Park West Radiology v. CareCore Nat. LLC*, 547 F. Supp. 2d 320, 322 (S.D.N.Y. 2008) ("The Court finds Defendants' discovery request excessively broad . . . . [T]he discovery demand strikes the Court as more like a fishing expedition by which Defendants hope to find documentation to support the numerous allegations of fraud . . . .").  The single sentence affirmative defenses here fail to articulate any facts that support a claim of unclean hands or misrepresentation and fraud. Dkt. No. 12 at 9.  Specifically, they fail to allege the representations (explicit or implied) made by Plaintiff with respect to the filings and taxes to be made in the Dominican Republic, or that any representations were false, or Plaintiff acted with unclean hands.  *Cf. Town & Country Linen Corp. v. Ingenious Designs LLC*, 2020 WL 3472597, at *7, 10 (June 25, 2020) (holding that affirmative defenses must be based on some factual allegations to make them plausible and affirmative defenses of fraud and inequitable conduct must be pleaded with particularity); *see also GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 98 (2d Cir. 2019) (holding that standards of *Twombly* and *Iqbal* apply to affirmative defenses).  If Defendants had evidentiary support for their claims or if they

were able to allege that their factual contentions would "likely have evidentiary support after a reasonable opportunity for further investigation," they could have alleged the claims in their Answer.  Fed. R. Civ. P. 11(b)(3).  In the absence of any such allegations, Defendants' request constitutes a fishing expedition searching for any evidence of fraud, in whatever manner and wherever located, even in the absence of an allegation of fact to support a claim of fraud or unclean hands.  Defendants have not demonstrated the relevance of who Plaintiff purchased the lobster from or at what cost or cast into doubt the evidence offered by Plaintiff of regulatory approval.  The motion to compel discovery is denied.

Defendants' motion to amend the answer is properly made through motion rather than through letter motion.  *See* Local Civil Rule 7.1; Hon. Lewis J. Liman, Individual Practices in Civil Cases 4.B (granting permission to raise discovery disputes through letter motion). Accordingly, the motion to amend is denied without prejudice to its renewal through formal motion. The Clerk of Court is respectfully directed to close the motion at Dkt. No. 47.

SO ORDERED.

Dated: August 24, 2021
New York, New York

_____
LEWIS J. LIMAN
United States District Judge